SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. 3:25-cr-00477-AN** <br> **(Oregon Case)** |
| **v.** | |
| | **Case No. 3:26-cr-00030-AN** |
| **ANGIE ROSAURA OVIEDO-TURCIOS,** | **(N.D. California Rule 20 Transfer)** |
| **Defendant.** | **GOVERNMENT'S SENTENCING** <br> **MEMORANDUM** |

The defendant is before the Court for sentencing in two separate cases. Case No. 3:25-cr-477-AN is her original Oregon fentanyl case. Case 3:26-cr-00030-AN is the case that originated in the Northern District of California involving a methamphetamine charge that was transferred to Oregon for resolution.

The government has reviewed the Presentence Report (PSR), our case file, and defendant's sentencing submissions. We have no objection to the PSR. We concur with the

**Government's Sentencing Memorandum**                                          **Page 1**

ultimate sentence requested by defendant, although we disagree with defendant on how the Court should get to that result. The government does not believe defendant qualifies for a role reduction. Rather, the government believes a variance, pursuant to 18 U.S.C. § 3553(a), is the appropriate mechanism to achieve the recommended sentence.

Accordingly, in Case No. 3:25-cr-00477-AN, we ask the Court to impose a sentence of credit for time served, to be followed by a three year term of supervised release. By the time of sentencing the defendant will have served approximately seven (7) months and four (4) days in custody.

In Case 3:26-cr-00030-AN, pursuant to the request of the U.S. Attorney's Office in the Northern District of California, we ask that the Court sentence defendant to seven (7) months' imprisonment, to be followed by a three year term of supervised release. *See* Plea Agreement ¶ 14.

The defendant, a low-level street dealer of fentanyl and methamphetamine, was involved in distributing two incredibly addictive, destructive, and deadly poisons that have been devastating communities in Portland, Oregon and San Francisco, California. Given the nature of the case, defendant's advisory sentencing guidelines, the societal harm caused by her drug dealing, the defendant's lack of criminal convictions, her age, and her tragic personal history the government believes the requested sentence is both reasonable and justified. The defendant will also very likely be deported to Honduras as a result of her conviction.

## A.    Summary of Proceedings.

On March 4, 2026, the defendant entered guilty pleas in two separate cases. In Case No. 3:25-cr-00477-AN (the original Oregon case), defendant pled guilty to Count 1 of the Indictment

**Government's Sentencing Memorandum**                                                     **Page 2**

which charged her with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).  In Case 3:26-cr-00030-AN (the original N.D. California case), the defendant agreed to a transfer of her case pursuant to Rule 20 of the Federal Rules of Criminal Procedure and then to pled guilty to Count 1 which charged her with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).  The maximum sentence the Court may impose in both cases is a term of 20 years' imprisonment, fine of $1,000,000, and at least three years of supervised release.  There is also a $100 fee assessment for each case for a total assessment of $200.

A Presentence Report (PSR) has been completed.  The government believes the facts underlying the defendant's counts of conviction (PSR ¶¶ 20 - 28), Sentencing Guideline calculations (PSR ¶¶ 34 - 43), and absence of a Criminal History (PSR ¶ 47) are accurately outlined in both the PSR and plea agreement.

In her plea agreement defendant admitted that:

[Regarding the Oregon case]

[O]n or about October 17, 2025, here within the District of Oregon, she possessed approximately 20 gross grams of fentanyl and that the fentanyl was possessed for purposes of further distribution.  Trained drug investigators would testify that the amount of fentanyl possessed indicated it was possessed for purposes of further distribution.  Fentanyl is a Schedule II controlled substance.

[Regarding the original California case]

The defendant also admits that on or about May 28, 2024, in the Northern District of California, after observing the defendant conduct a series of hand-to-hand drug transactions law enforcement investigators arrested the defendant and found her in possession of approximately 13.5 grams of methamphetamine and approximately 17.9 grams of cocaine base.  Defendant admits that the methamphetamine was possessed for purposes of further distribution.  Trained drug investigators would testify that the

amount of methamphetamine possessed indicated it was possessed for purposes of further distribution. Methamphetamine is a Schedule II controlled substance.

Plea Agreement ¶ 6.

The defendant has been held in federal custody since her arrest on the October 17, 2025, Oregon case. She currently has an ICE detainer in place as well.

## B.    Sentencing Guideline Calculations.

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

The parties agree that defendant's relevant conduct, and to account for the weight of the packaging material, involves between 16 to 24 grams of fentanyl, 10 to 20 grams of a mixture and substance containing methamphetamine, and between 16.8 and 22.4 grams of cocaine base, and pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), this results in an initial Base Offense Level of 24. PSR ¶ 34, Plea Agreement ¶ 8.

Because the defendant satisfies the "safety valve" criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18), the parties are asking the Court to grant her a two-level downward departure in his Sentencing Guidelines. PSR ¶ 35, Plea Agreement ¶ 9.

///

///

**Government's Sentencing Memorandum**                                    **Page 4**

Because the defendant also qualifies as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1, the parties will recommend a two-level downward adjustment in her Sentencing Guidelines range. PSR ¶ 40, Plea Agreement ¶ 10.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in her offense level. PSR ¶¶ 41 - 42, Plea Agreement ¶ 11.

Prior to any additional departures or variances, the government believes defendant's initial Adjusted Offense Level is 17. With a Criminal History Category of I, defendant's initial advisory sentencing guideline range would be 24 to 30 months' imprisonment.

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about her desire to resolve her cases both here and in the Northern District of California, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a three-level downward variance in her overall offense level. Plea Agreement ¶ 12.

The government's additional three-level 3553(a) reduction would result in an Adjusted Offense Level of 14 and with a Criminal History Category of I, the defendant's advisory sentencing guideline range would be between 15 to 21 months' imprisonment.

C.    **Defendant is Not Entitled to a Role Reduction**.

Defendant, who pled guilty to two separate cases involving **her** street-level dealing of drugs, is not entitled to a role reduction. Defendant has asked the Court to find that she is a

///

**Government's Sentencing Memorandum**                                                      **Page 5**

"minimal participant" and grant her a four-level reduction in her offense level. Such a request is unwarranted.

Under the Sentencing Guidelines the Court may reduce a defendant's offense level by four levels if she "was a minimal participant in any criminal activity." U.S.S.G. § 3B1.2(a). "The defendant bears the burden of proving that [she] is entitled to a downward adjustment based on his role in the offense." *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (citation omitted). To carry this burden, the defendant must prove by a preponderance of the evidence that she was "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. (n.3 (A)); *see United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994). The relevant pool for comparison of her role in the criminal activity is "all actors who participated" in the "specific criminal scheme" if the court finds "sufficient evidence of their existence and participation." *United States v. Rojas-Millan*, 234 F.3d 464, 473-74 & n.5 (9th Cir. 2000). Identifying hypothetical participants, or participants in the abstract, is not enough. *See e.g., United States v. Rosas*, 615 F.3d 1058, 1068 (9th Cir. 2010) ("Every drug trafficking defendant could point to an unknown network preceding them in the drug trade. Such an argument would normally be ineffective when considering whether the defendant is entitled to a mitigating role reduction.").

At its core, the overarching question remains, is the defendant "substantially less culpable than the average participant in the criminal activity" for which she is being sentenced for based upon the "facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3 (A) and (B)). In guiding the determination the Commission added a "non-exhaustive" list of five factors for

///

**Government's Sentencing Memorandum**                                        **Page 6**

courts to consider when evaluating a defendant's role under this baseline standard.  U.S.S.G. §

3B1.2, comment. (n.3(C)).   These factors are:

> (i)     the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)    the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
>
> (v)     the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 comment. (n.3(C)(i--v)).

The commentary does not limit the significant discretion afforded to sentencing courts.  A district court may apply a role reduction "even if some of the factors weigh against doing so," refuse to apply the reduction "even if some of the factors weigh in favor" of doing so, and "consider other reasons for granting or denying a . . .  role reduction." *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Here, defendant was not part of a large overarching conspiracy and accordingly she has not been charged, implicated, nor is she being held responsible for the activities of anyone else. Her relevant conduct, in both cases, is merely limited to what she herself was caught with – either on her person or in her bedroom.  The relevant conduct is based upon the drugs she

///

**Government's Sentencing Memorandum**                                    **Page 7**

possessed for purposes of further distribution – these were drugs she was selling to make money – they are not drugs she was delivering to a co-conspirator on behalf of another person.

In the Guidelines, the Sentencing Commission noted that the **minimal role reduction** is "generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout." U.S.S.G. § 2D1.1(e)(2)(B)(i). Here, the defendant was not a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout.

A **minor role adjustment**, on the other hand, is only "generally warranted if the defendant's primary function in the offense was performing another low-level trafficking function, such as distributing controlled substances in user-level quantities **for little or no monetary compensation or with a primary motivation other than profit** (e.g. the defendant was otherwise unlikely to commit such an offense and was motivated by an intimate or familial relationship, or by threats or fear to commit the offense)." U.S.S.G. § 2D1.1(e)(2)(B)(ii) (emphasis added). Here, the defendant was selling drugs for her personal profit.

At the end of the day, the defendant cannot show that she was "substantially less culpable than the average participant in the criminal activity," that average participant being other street-level drug dealers. She pled to what she was doing and she is only being held responsible for what she possessed with intent to distribute. Accordingly, the Court should deny her request for a role reduction.

///

///

**Government's Sentencing Memorandum**                                    **Page 8**

**C.      Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a), we ask the Court, in Case No. 3:25-cr-00477-AN, to impose a sentence of credit for time served, to be followed by a three year term of supervised release.  By the time of sentencing the defendant will have served approximately seven (7) months and four (4) days in custody.  In Case 3:26-cr-00030-AN, pursuant to the request of the U.S. Attorney's Office in the Northern District of California, we ask that the Court sentence defendant to seven (7) months' imprisonment, to be followed by a three year term of supervised release.  *See* Plea Agreement ¶ 14.

The defendant pled guilty to possessing both fentanyl and methamphetamine for purposes of further distribution.  Both fentanyl and methamphetamine are extremely addictive, destructive, and deadly poisons that have been devastating the community.  According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region.  In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho.  Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's.  Together, these two substances accounted for 41.3% of overdose fatalities in both states.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2026 THREAT ASSESSMENT, 2025, at 5 (https://oridhidta.org/reports).

At the same time, the government has reviewed the PSR and defendant's sentencing materials.  As detailed therein, the defendant's young life has been filled with tragedy, abuse, trauma, and heartbreak.  She is currently 20 years old.  While none of this minimizes her culpability or the potential danger she inflicted on the community by selling drugs, it does help place her case in a different posture and offer insight into the pressures she experienced in life and how she made the terrible choices that got her involved in drug dealing.

**Government's Sentencing Memorandum**                                          **Page 9**

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe the sentence sought is reasonable.  We ask the Court to impose it, to be followed by a three-year term of supervised release.

There are no charges to be dismissed.

There is an appeal waiver.

Following her time in custody the defendant will likely be deported to Honduras.

Dated: May 8, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney

**Government's Sentencing Memorandum**                                    **Page 10**